# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| WENDY NEWCOMB, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br><br>            v.<br><br>TRANSUNION,<br><br>            Defendant. | Case No. 1:17-cv-11797 |

## ANSWER OF DEFENDANT TRANS UNION LLC TO PLAINTIFF'S COMPLAINT

Defendant Trans Union LLC ("TransUnion") hereby answers the Class Action Complaint (the "Complaint") filed by plaintiff Wendy Newcomb ("Plaintiff") as follows:

## NATURE OF THE ACTION

1. Answering Paragraph 1 of the Complaint, TransUnion admits that it is a consumer reporting agency and that Plaintiff purports to state a class claim against TransUnion for alleged violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA").  Except as expressly stated, TransUnion denies the allegations contained in Paragraph 1.

2. Answering Paragraph 2 of the Complaint, TransUnion admits, based solely on Plaintiff's allegations, that Plaintiff is an adult individual residing in Lunenburg, Massachusetts.

3. Answering Paragraph 3 of the Complaint, TransUnion admits, based solely on Plaintiff's allegations, that Plaintiff is a "consumer" as defined by 15 U.S.C. §1681a(c).

4. Answering Paragraph 4 of the Complaint, TransUnion admits the allegations contained therein.

## JURISDICTION AND VENUE

5. Answering Paragraph 5 of the Complaint, TransUnion admits, based solely on Plaintiff's allegations and for purposes of this action only, the allegations contained therein.

6. Answering Paragraph 6 of the Complaint, TransUnion admits, based solely on Plaintiff's allegations and for purposes of this action only, the allegations contained therein.

## STATEMENT OF FACTS

7. Answering Paragraph 7 of the Complaint, TransUnion admits that it is known as one of the "big three" credit reporting agencies in the United States along with Equifax and Experian.

8. Answering Paragraph 8 of the Complaint, TransUnion admits the allegations contained therein.

9. Answering Paragraph 9 of the Complaint, TransUnion admits the allegations contained therein.

10. Answering Paragraph 10 of the Complaint, TransUnion admits that it reports information about tax liens on consumer reports. Except as expressly stated, TransUnion denies the allegations contained in Paragraph 10.

11. Answering Paragraph 11 of the Complaint, TransUnion admits the allegations contained therein.

12. Answering Paragraph 12 of the Complaint, TransUnion lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

13. Answering Paragraph 13 of the Complaint, TransUnion lacks knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained therein and, on that basis, denies the allegations contained therein.

14. Answering Paragraph 14 of the Complaint, TransUnion denies the allegations contained therein.

15. Answering Paragraph 15 of the Complaint, TransUnion denies the allegations contained therein.

16. Answering Paragraph 16 of the Complaint, TransUnion denies the allegations contained therein.

17. Answering Paragraph 17 of the Complaint, TransUnion admits the allegations contained therein.

18. Answering Paragraph 18 of the Complaint, TransUnion admits the allegations contained therein.

19. Answering Paragraph 19 of the Complaint, TransUnion denies the allegations contained therein.

20. Answering Paragraph 20 of the Complaint, TransUnion states that 15 U.S.C. § 1681e(b) speaks for itself and denies any allegations inconsistent therewith.

21. Answering Paragraph 21 of the Complaint, TransUnion denies the allegations contained therein.

22. Answering Paragraph 22 of the Complaint, TransUnion denies the allegations contained therein.

23. Answering Paragraph 23 of the Complaint, TransUnion denies the allegations contained therein.

24. Answering Paragraph 24 of the Complaint, TransUnion denies the allegations contained therein.

25. Answering Paragraph 25 of the Complaint, TransUnion denies the allegations contained therein.

26. Answering Paragraph 26 of the Complaint, TransUnion denies the allegations contained therein.

## CLASS ACTION ALLEGATIONS

27. Answering Paragraph 27 of the Complaint, TransUnion restates and incorporates its responses to paragraphs 1-26, above, as if fully set forth herein.

28. Answering Paragraph 28 of the Complaint, TransUnion admits that Plaintiff purports to bring this action as a class action pursuant to Federal Rule of Civil Procedure 23. TransUnion denies that this action is appropriate for class treatment.

29. Answering Paragraph 29 of the Complaint, TransUnion denies the allegations contained therein.

30. Answering Paragraph 30 of the Complaint, TransUnion denies the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, TransUnion denies the allegations contained therein.

32. Answering Paragraph 32 of the Complaint, TransUnion denies the allegations contained therein.

33. Answering Paragraph 33 of the Complaint, TransUnion denies the allegations contained therein.

34. Answering Paragraph 34 of the Complaint, TransUnion denies the allegations contained therein.

35. Answering Paragraph 35 of the Complaint, TransUnion denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, TransUnion denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, TransUnion denies the allegations contained therein.

## CAUSE OF ACTION
### 15 U.S.C. § 1681e(b)

38. Answering Paragraph 38 of the Complaint, TransUnion restates and incorporates its responses to paragraphs 1-37, above, as if fully set forth herein.

39. Answering Paragraph 39 of the Complaint, TransUnion denies the allegations contained therein.

40. Answering Paragraph 40 of the Complaint, TransUnion denies the allegations contained therein.

41. Answering Paragraph 41 of the Complaint, TransUnion denies the allegations contained therein.

42. Answering Paragraph 42 of the Complaint and its subsections, TransUnion denies the allegations contained therein.

43. Answering Paragraph 43 of the Complaint, TransUnion denies the allegations contained therein.

44. Answering Paragraph 44 of the Complaint, TransUnion denies that this action is appropriate for class treatment, that it violated the FCRA, and that Plaintiff and the putative class is entitled to any relief.

## PRAYER FOR RELIEF

45. Answering Plaintiff's Prayer for Relief on page 10 of the Complaint and its subsections, TransUnion denies that this action is appropriate for class treatment, that it violated the FCRA, and that Plaintiff and the putative class is entitled to any relief.

## JURY DEMAND

46. TransUnion acknowledges that Plaintiff has requested a trial by jury.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise lies with Plaintiff, TransUnion asserts the following defenses:

### FIRST AFFIRMATIVE DEFENSE

47. Plaintiff has failed to state a claim against TransUnion upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

48. Plaintiff, and/or any person she purports to represent, lacks standing to assert the claims asserted in this action against TransUnion.

### THIRD AFFIRMATIVE DEFENSE

49. TransUnion alleges that any purported damages allegedly suffered by Plaintiff, and/or any person she purports to represent, which TransUnion continues to deny, are the result of the acts or omissions of Plaintiff, and/or any person she purports to represent, or third parties, over whom TransUnion has no control or responsibility.

### FOURTH AFFIRMATIVE DEFENSE

50. Plaintiff, and/or any person she purports to represent, has failed to mitigate their alleged damages.

### FIFTH AFFIRMATIVE DEFENSE

51. Some or all of the claims brought by Plaintiff, and/or any person she purports to represent, against TransUnion are barred by the doctrine of collateral estoppel and res judicata.

### SIXTH AFFIRMATIVE DEFENSE

52. The claims of Plaintiff, and/or any person she purports to represent, are barred, in whole or in part, because any alleged wrongful conduct on the part of TransUnion, which is assumed only for the purpose of this affirmative defense, was unintentional and resulted from bona fide error.

### SEVENTH AFFIRMATIVE DEFENSE

53. Any alleged damages to Plaintiff, and/or any person she purports to represent, which TransUnion continues to deny, were caused in whole or in part by an intervening or superseding cause.

### EIGHTH AFFIRMATIVE DEFENSE

54. To the extent TransUnion could be found liable, Plaintiff, and/or any person she purports to represent, was comparatively/contributorily negligent.

### NINTH AFFIRMATIVE DEFENSE

55. Some or all of the claims brought by Plaintiff, and/or any person she purports to represent, against TransUnion are barred by the applicable statute of limitations and/or statute of repose.

### TENTH AFFIRMATIVE DEFENSE

56. Some or all of the claims brought by Plaintiff, and/or any person she purports to represent, against TransUnion are barred by waiver and/or laches.

### ELEVENTH AFFIRMATIVE DEFENSE

57. By the conduct, acts and/or omissions of Plaintiff, and/or any person she purports to represent, Plaintiff, and/or any person she purports to represent, consented to and acquiesced in TransUnion's alleged conduct.

### TWELFTH AFFIRMATIVE DEFENSE

58. The Complaint, and each purported claim therein, is barred by the conduct, action, and inaction of the Plaintiff, and/or any person she purports to represent, under the doctrine of ratification.

### THIRTEENTH AFFIRMATIVE DEFENSE

59. The claims of Plaintiff, and/or any person she purports to represent, are barred, in whole or in part, by virtue of the conduct, actions or inactions of Plaintiff, and/or any person she purports to represent, under the doctrine of unclean hands.

### FOURTEENTH AFFIRMATIVE DEFENSE

60. The imposition of liability and/or statutory or punitive damages under the FCRA as sought in the Complaint would violate provisions of the United States Constitution, including the First Amendment, the Excessive Fines Clause and/or Due Process Clause.

### FIFTEENTH AFFIRMATIVE DEFENSE

61. Maintenance of this action as a class action is impermissible to the extent that it would violate TransUnion's right to confront witnesses against it as provided in the Sixth Amendment to the United States Constitution.

### RESERVATION OF RIGHTS

62. TransUnion reserves the right to assert such other and further affirmative defenses as may be appropriate through the course of the litigation.

## PRAYER

WHEREFORE, TransUnion prays as follows:

1. That the Complaint be dismissed with prejudice;

2. That Plaintiff take nothing by the Complaint;

3. That judgment be entered against Plaintiff and in favor of TransUnion;

4. That TransUnion be awarded its attorneys' fees and costs of suits incurred herein; and

5. That the Court award such other and further relief as is just and proper.

Dated: November 17, 2017

Respectfully submitted,

STROOCK & STROOCK & LAVAN LLP

By:   /s/ Beth A. Norton
Beth A. Norton, Esq. (BBO#664580)
180 Maiden Lane
New York, NY 10038
Telephone: 212-806-6137
bnorton@stroock.com
*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on November 17, 2017.

   /s/ Beth A. Norton
Beth A. Norton